UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALAN GIBBS, | No. 2:16-cv-1629 JAM DB P |
| Petitioner, | |
| v. | ORDER |
| ATTORNEY GENERAL OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a county inmate proceeding in pro per, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges proceedings in the Shasta County Superior Court, Case NO. 15F5736, as they relate to charges against him for making criminal threats in violation of California Penal Code § 422. (See ECF No. 1 at 3.)

Since this action was initiated, petitioner filed four additional petitions for writ of habeas corpus premised on the proceedings in the Shasta County Superior Court. See Gibbs v. Shasta County, 2:16-cv-1668 AC (E.D. Cal.); Gibbs v. Flynn, 2:16-cv-1670 AC (E.D. Cal.); Gibbs v. Shasta County, 2:16-cv-1868 EFB (E.D. Cal.); Gibbs v. Shasta County, 2:16-cv-1869 JAM KJN (E.D. Cal.). It is well-established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525

F.3d 886, 888 (9th Cir. 2008). Pursuant to this authority, each of those additional actions has now been closed and petitioner's filings construed as motions to amend the petition in this case.

When a district court construes a new petition as a motion to amend, that court's obligation is to rule on the motion in accordance with the standards for permitting amendment established by Federal Rule of Civil Procedure 15. See 28 U.S.C. § 2242; Woods, 525 F.3d at 890. Under Rule 15(a), a party may generally amend its pleading once as a matter of course; otherwise, written consent from the opposing party or leave of court must be obtained. Leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Forman v. Davis, 371 U.S. 178, 182 (1962). Since petitioner may amend his petition once as a matter of course, leave to amend is unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to amend (ECF Nos. 7, 8, 9, 10) are denied as moot; and
2. Petitioner's August 8, 2016 petition for writ of habeas corpus (ECF No. 10) is deemed the operative petition in this case.

Dated: November 9, 2016

/DLB7;gibb1629.mta

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2