UNITED STATES DISTRICT COURT

                      FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ALAN GIBBS,                          No. 2:16-cv-1629 JAM DB

         Petitioner,

   v.                                       FINDINGS AND RECOMMENDATIONS

ATTORNEY GENERAL OF
CALIFORNIA,

         Respondent.

     Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's amended petition. (ECF No. 10.) For the reasons set for the below, this court respectfully recommends that the amended petition be dismissed as premature.

## BACKGROUND

     Petitioner initiated this action in 2016 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner then moved to amend the petition four times. (ECF Nos. 7; 8; 9; 10.) The court denied all of the motions to amend as moot and deemed petitioner's August 8, 2016 petition (ECF No. 10) as the operative petition in this case. (ECF No. 14.)

     In the amended petition, petitioner complains of an "illegal prosecution" related to charges against him for making criminal threats. (ECF No. 10 at 2.) Petitioner was arrested on

1

September 11, 2015 and is presently in custody awaiting trial -- or, at least as of the latest version of the petition, petitioner was still waiting to be tried). (Id.)

**I.      Legal Standards**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less

scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**II.     Discussion**

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

Petitioner has not been tried or convicted of any crimes at this stage, so, therefore, his petition for writ of habeas corpus is premature. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In order for this court to address the petitioner's habeas claims, he must first be convicted and sentenced by the state trial court. Thereafter, petitioner must pursue his claims in the state courts of appeal until the claims have been exhausted before the California Supreme Court.

////

////

Accordingly, petitioner is not entitled to habeas relief and his petition must be dismissed. For the foregoing reasons, IT IS HEREBY RECOMMENDED that the amended petition be dismissed as premature.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 23, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / gibb.1629.scrn2

4